ST. PAUL, J.
 

 This case was ordered up from the Court of Appeals for the Parish of Orleans whose
 
 *1013
 
 opinion is published in full in 137 Southern Reporter at page 652 and need not be reproduced here; but the gist of that opinion is that the circumstances (detailed in said opinion) disclose that the purchaser (plaintiff) was wholly responsible for the failure of a certain sale to go through, and hence was responsible for the commission promised the brokers (defendants) if the sale failed through her fault.
 

 Now that the whole record is before us we find that the case involved only a question of fact, and that that issue was correctly decided by the Court of Appeal against the plaintiff.
 

 In this court the plaintiff urges that, since the vendor (Mrs. Newman) did not insist on specific performance of the contract, nor ask for damages, nor resist the return of plaintiff’s deposit, therefore the sale could not have fallen through by her fault.
 

 That is a nonsequitur; the vendor may have had, and doubtless did have, reasons satisfactory to herself for not insisting on the sale going through after plaintiff’s default. She may have been quite willing to have the sale rescinded because she saw a better price could be obtained than plaintiff had offered, or she may have thought that litigation with plaintiff might be both annoying and expensive and hence unprofitable. We do not know.
 

 But, be this as it may, the record discloses that she would have been entitled to a decree of specific performance had she chosen to ask for it, and the brokers are in no way concerned in her refusal to ask for that relief. Their right against this plaintiff were fixed when she refused, without just cause, to comply with her obligation to purchase, and the vendor’s acquiescence in her unfounded refusal to go on with the sale did not prejudice their right to claim their commission from plaintiff.
 

 Decree.
 

 For the reasons assigned, the judgment of the Court of Appeal, affirming the judgment of the district court, is affirmed.